UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERTO GARCIA CEBALLOS,

      Petitioner,

    v.                                                    Case No.:  2:26-cv-00939-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al.*,

      Respondent,

                                      /

## OPINION AND ORDER

Before the Court are petitioner Alberto Garcia Ceballos's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).  For the below reasons, the Court grants the petition.

Garcia Ceballos is a native of Cuba who entered the United States without inspection on August 26, 2014.  Immigration officials apprehended him, issued a notice to appear, and released him on his own recognizance.  On April 14, 2016, an immigration judge ordered Garcia Ceballos removed to Cuba.  Immigration and Customs Enforcement ("ICE") released him on an order of supervision on July 15, 2016.  In 2021, Garcia Ceballos was convicted of helping others unlawfully enter the U.S.  He served his sentence, then resumed reporting to ICE as required by the order of supervision.

On October 30, 2025, ICE arrested Garcia Ceballos at his home, revoked his order of supervision, and detained him. ICE conducted an informal interview on December 13, 2025, and Garcia Ceballos asked to be deported to Cuba because he has family there. On January 25, 2026, ICE transferred Garcia Ceballos to the EL Paso Camp East Montana, where ICE stages "compliant CVNH removals." (Doc. 5-1 at 3). Garcia Ceballos was scheduled for such a removal on February 16, 2026, but he refused to depart the pod. ICE returned Garcia Ceballos to Alligator Alcatraz, where he remains detained.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for

the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Garcia Ceballos's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Garcia Ceballos

has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him to Cuba in 2016, and ICE has provided no indication they can remove him to Cuba in the reasonably foreseeable future, despite his stated willingness to repatriate.

The burden thus shifts to the government. ICE points to its February 16, 2026 attempt to send Garcia Ceballos to Mexico. But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). ICE makes no attempt to show it can lawfully remove Garcia Ceballos in the reasonably foreseeable future.

The Court finds no significant likelihood Garcia Ceballos will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Garcia Ceballos to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Alberto Garcia Ceballos Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Garcia Ceballos within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record